IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |
|---|---|
| Leslie Capobianco )<br><br>PLAINTIFF, )<br><br>v. )<br>United States of America and Davisha )<br>Monique Simmons, )<br><br>DEFENDANTS. ) | CASE NO. 2:22-CV-<br><br>**COMPLAINT**<br>**(Bench Trial Requested)** |

Plaintiff, Leslie Capobianco, by and through her undersigned counsel, and by way of this Complaint, states as follows below.

## PARTIES & JURISDICTION

1.    The Plaintiff Leslie Capobianco ("Plaintiff") is a citizen and resident of the County of Florence, State of South Carolina.

2.    The Defendant, Davisha Monique Simmons, pursuant to 28 U.S.C. § 1332(c)(2), is a citizen of the State of South Carolina.

3.    The United States a/k/a United States of America (hereinafter United States) is a named Defendant in this action pursuant to 28 U.S.C. § 2679.

4.    Defendant United States of America had and continues to have systematic and continuous connections to the State of South Carolina. The Defendant, through the United States Postal Service, committed a tortious act and caused a tortious injury in South Carolina. The Court has personal jurisdiction over the Defendant pursuant to 28 U.S.C. §2401(b).

5.      At the time of the collision which is subject of this litigation, Davisha Monique Simmons, by virtue of her employment with the U.S. Postal Service, was an employee or agent of Defendant United States of America and was in the course and scope of her employment with Defendant United State of America at the time of the collision.

6.      This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674.

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 39 U.S.C. § 409, and 28 U.S.C. § 1346(b).

8.      Venue is properly within this District under 28 U.S.C. § 1402(b) because the Plaintiff is a citizen and resident of the County of Florence, State of South Carolina, and the acts complained of occurred in the District of South Carolina, Florence Division.

9.      Plaintiff has completed the prerequisites to filing required by 28 U.S.C. §2675.

10.      On or about October 14, 2019, Plaintiff was operating her 2008 Toyota traveling West on S-10/W Home Avenue in Hartsville, South Carolina.

11.      At or about the same time, Davisha Monique Simmons was driving a postal delivery vehicle owned by the United States Postal Service. Davisha Monique Simmons attempted enter the road from the shoulder of S-10/W Home Avenue, but failed to yield the right-of-way to the Plaintiff.

12.      As a result of Davisha Monique Simmons' failure to yield the right-of-way, and/or failure to keep a proper lookout, suddenly and without warning, struck the Plaintiff's vehicle, causing the vehicles to collide with great force and violence, resulting in significant damages and injuries to Plaintiff.

2

## FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence)

13.     Each and every allegation contained above is hereby realleged and reiterated as if fully set out herein verbatim.

14.     At all times relevant, the Defendants had a duty to the general public, including Plaintiff, to ensure that its vehicle operated in a reasonably safe manner and in compliance with the applicable laws.

15.     At said time and place, Davisha Monique Simmons was driving in a willful, wanton, reckless, negligent and grossly negligent manner in the following particulars, to wit:

a.      In failing and omitting to keep a proper lookout while operating a motor vehicle under the circumstances then and there prevailing;

b.      In failing to yield the right-of-way to Plaintiff;

a.      In driving too fast for conditions;

b.      In failing and neglecting to keep the vehicle under proper control or so to control the same as to have avoided the collision;

c.      In failing to stop;

d.      In driving and operating said vehicle upon a public highway in the State of South Carolina without exercising the degree of care, caution and prudence in the operation of said vehicle that a person of ordinary care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing; and,

e.      In failing to use the degree of care that a reasonably prudent person would have used under the same or similar circumstances;

f.      In operating Defendant's vehicle in violation of South Carolina safety statutes; and

g.      Such other particulars as may be introduced as evidence at trial.

16.     Defendant United States of America owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation and following of appropriate operating standards and procedures, the hiring, training, retention, and supervision of its employees, drivers, and agents, and in the entrustment of vehicles to its employees, drivers, and agents, including Simmons.

17.     Defendant United States of America acted in a negligent, grossly negligent, careless and reckless manner. In particular, their employee, Davisha Monique Simmons, while in the course and scope of her employment:

a.     Failed to yield right-of-way to the Plaintiff;

b.     Attempted an improper and unlawful turn;

c.     Failed to keep a proper lookout;

d.      Failed to maintain proper control over the vehicle;

e.     Failed to take advantage of any last clear chance to avoid striking the vehicle Plaintiff was operating when Defendant saw or should have seen that vehicle in the roadway;

f.     Failed to observe the road and traffic conditions;

g.     Failed to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

h.     Operating a motor vehicle with a reckless disregard for the rights and safety of others, including the Plaintiff;

i.     Failing to reduce the speed of her vehicle upon approaching a place where she saw, or should have seen Plaintiff; and

j.     In operating Defendant's vehicle in violation of South Carolina safety statutes.

18.    As a direct and proximate cause of the negligent, grossly negligent, careless, and reckless

acts and omissions of Defendants, Plaintiff has suffered and will continue to suffer damages

including, but not limited to, the following:

    a.    permanent bodily injuries;

    b.    pain and suffering;

    c.    mental anguish;

    d.    substantial medical and rehabilitative expenses; and

    e.    the loss of the enjoyment of life.

    f.    property damage; and

    h.    other damages that will be introduced at trial.

19.    Due to said negligent, careless and/or reckless acts of the Defendants, Plaintiff is entitled

to recover actual and punitive damages.

    WHEREFORE, based upon the foregoing, Plaintiff prays for judgment against Defendants

for actual damages, punitive damages, the costs and disbursements of this action, and for any

other relief the trier of fact and the Court deem just and proper.


                                THE THEOS LAW FIRM, LLC

                        By:    s /John Guerry
                                John H. Guerry Esq. (Fed. I.D. 12155)
                                Jerry N. Theos, Esq. (Fed. I.D. 4055)
                                Gordon Hay, Esq. (Fed I.D. 13490)
                                11 State Street
                                Charleston, SC 29401
                                jerry@theoslaw.com
                                john@theoslaw.com
                                (843) 577-7046
                                **ATTORNEYS FOR PLAINTIFF**

February 28, 2022